**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00383-MR**

| | | |
|---|---|---|
| **JODY WRAGG o/b/o SS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF**</u> |
| | ) | <u>**DECISION AND ORDER**</u> |
| | ) | |
| **KILOLO KIJAKAZI, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for
Summary Judgment [Doc. 11] and the Defendant's Motion for Summary
Judgment [Doc. 14].

**I.      BACKGROUND**

On May 25, 2010, the Plaintiff, Jody Wragg ("Plaintiff"), filed an
application for supplemental security income on behalf of her minor child,
S.S. [Transcript ("T.") at 57].  On September 27, 2010, S.S. was found to be
disabled and eligible for benefits as of February 17, 2010.  [Id.].  A continuing
disability review (CDR) found that S.S. was still disabled as of February 17,
2015.  [Id. at 58].  A second CDR found that S.S. was no longer disabled as

of March 1, 2018, [id. at 72], and that determination was upheld on reconsideration following a hearing before a state agency Disability Hearing Officer, [id. at 111, 116, 125-26].

The Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on November 26, 2019. [Id. at 11]. On December 20, 2019, the ALJ issued a decision finding that S.S. was no longer disabled as of March 7, 2018. [Id. at 25]. On October 22, 2020, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird

Case 1:20-cv-00383-MR   Document 17   Filed 07/25/22   Page 2 of 15

v. Comm'r, Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this

explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanation." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III.   THE SEQUENTIAL EVALUATION PROCESS

A child claimant is considered disabled under the Social Security Act ("Act") "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

In determining whether a child claimant is disabled, the ALJ follows a three-step sequential process. See 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, the child claimant's application is denied regardless of the medical condition, age, education, or work experience of the child claimant. Id. If not, the case progresses to step two, where the child claimant must show a severe impairment or combination of

4

impairments. 20 C.F.R. § 416.924(c). If the child claimant does not show that any medically determinable impairment(s) is "severe," within the meaning of the regulations, then the child claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the child claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. 20 C.F.R. § 416.924(d). If a child claimant's impairments do not meet the severity of any listed impairment, the ALJ must then determine whether the child claimant's impairments resulted in limitations that functionally equal the Listings, by assessing the degree of functional limitation in six domains of functioning. 20 C.F.R. § 416.926a. When assessing functional equivalence, the ALJ employs the "whole child approach" and "start[s] [the] evaluation . . . by considering the child's functioning without considering the domains or individual impairments." Social Security Ruling 09-01p. "This technique . . . accounts for all of the effects of a child's impairments singly and in combination—the interactive and cumulative effects of the impairments— because it starts with a consideration of actual functioning in all settings." Id. If the child claimant's impairment(s) do not result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain then the

child claimant is not disabled, and the application for benefits must be denied. Id.; see also 20 C.F.R. §§ 416.924(d), 416.926a(d).

If a child claimant is eligible for disability benefits, his continued eligibility must be reviewed periodically. 20 C.F.R. § 416.994a(a). In determining whether a child claimant is still disabled, the ALJ follows a three-step sequential process. 20 C.F.R. § 416.994a(b). At step one, the ALJ determines whether there has been medical improvement in the impairment(s) the child claimant had at the comparison point decision ("CPD"), the time of the most recent favorable determination or decision. 20 C.F.R. § 416.994(b)(1). The Act defines "medical improvement" as "any decrease in the medical severity of [the child claimant's] impairment(s) which was present at the [CPD]." 20 C.F.R. § 416.994(c). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with [the child claimant's] impairment(s)." Id. The ALJ disregards "minor changes in [the child claimant's] signs, symptoms, and laboratory findings that obviously do not represent medical improvement and could not result in a finding that [his] disability has ended." Id. If there has not been medical improvement in the child claimant's impairment(s), then the child claimant is still disabled. 20 C.F.R. § 416.994(b)(1). If there has been medical

improvement, then the case progresses to step two. 20 C.F.R. § 416.994(b)(2).

At step two, the ALJ considers "whether the impairment(s) that [were] considered at the [CPD] still meets or equals the severity of the listed impairment it met or equaled at that time." Id. "If that impairment(s) still meets or equals the severity of that listed impairment as it was written at that time," the child claimant is still disabled. Id. However, if the impairment no longer meets or equals the severity of that listed impairment, then the case progresses to step three. Id.

At step three, the ALJ determines whether the child claimant is currently disabled under the rules of 20 C.F.R. § 416.924(c)-(d). 20 C.F.R. § 416.994(b)(3). In determining whether the child claimant is disabled, the ALJ considers "all impairments [he] now [has], including any [he] did not have at the [CPD], or that [were] not consider[ed] at that time." Id. If the ALJ determines that the child claimant is disabled under the rules of 20 C.F.R. § 416.924(c)-(d), then the child claimant is still disabled. Id. If the child claimant is not disabled under the rules of 20 C.F.R. § 416.924(c)-(d), then the child claimant's disability has ended. Id.

## IV. THE ALJ'S DECISION

The ALJ noted that the most recent favorable medical decision finding that S.S. continued to be disabled was the determination dated February 17, 2015. [T. at 14]. The ALJ then noted that, at the time of that determination, S.S. had the following medically determinable impairment: autism spectrum disorder. [Id.]. In the February 17, 2015 determination, S.S.'s impairment was found to functionally equal the Listings (20 C.F.R. §§ 416.924(d) and 416.926a). [Id.]. At that time, S.S. had marked limitations in two functional equivalence domains: "acquiring and using information" and "attending and completing tasks." [Id. at 15].

At step one of the continuing disability review, the ALJ determined that there had been medical improvement in S.S.'s impairment as of March 7, 2018. [Id. at 15]. At step two, the ALJ determined that, as of March 7, 2018, S.S.'s autism spectrum disorder did not functionally equal the Listings. [Id. at 16]. At step three, the ALJ determined that, since March 7, 2018, S.S. did not have any impairment or combination of impairments that met or medically equaled the Listings. [Id. at 24]. The ALJ further found that, since March 7, 2018, S.S. did not have any impairment or combination of impairments that functionally equaled the Listings. [Id. at 25]. Accordingly, the ALJ concluded that S.S.'s disability ended on March 7, 2018. [Id.].

8

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ failed to acknowledge evidence of S.S.'s "other specified trauma-and-stressor related disorder." [Doc. 12 at 7-8].

If an ALJ reaches the third step of a continuing disability review, the ALJ must determine whether the child claimant is currently disabled. 20 C.F.R. § 416.994(b)(3). To determine whether the child claimant is currently disabled, the ALJ must consider "*all impairments* [the child] now [has], *including any [he] did not have at the [CPD]*." Id. (emphasis added). "There is no rigid requirement than the ALJ specifically refer to every piece of evidence in his decision." Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)); see also Washington o/b/o S.M.H. v. Kijakazi, No. 1:21-cv-00204-MOC, 2022 WL 1697415, at *6 (W.D.N.C. May 26, 2022). However, an ALJ must still "consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017). Further, an ALJ must "include a narrative

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

9

discussion describing how the evidence supports each conclusion." Monroe, 826 F.3d at 189 (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)); see also Mouzon o/b/o K.W. v. Saul, No. 5:18-cv-00357-FL, 2019 WL 4733543, at *1, 5 (E.D.N.C. Sept. 27, 2019). Thus, an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

Here, the ALJ conducted a functional equivalence analysis of S.S.'s limitations as they relate to "[S.S.'s] impairment that was present as of the CPD" on February 17, 2015. [T. at 18]. At the CPD, S.S.'s only impairment was autism spectrum disorder. [Id. at 14]. After assessing S.S.'s limitations related to autism spectrum disorder in the six domains of functioning, the ALJ stated that "[t]he medical and other evidence establish that [S.S.] . . . *has not developed any additional impairments subsequent to the CPD*" in February 2015, and "[t]hus, *the impairment that was considered at the CPD has been the only impairment the claimant has had* since March 7, 2018." [Id. at 24] (emphasis added). The ALJ then concluded that:

> Since March 7, 2018, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.925 and 416.926).
>
> The undersigned conducted a thorough review of the record and compared the evidence against the

criteria of the various listings. After conducting this thorough review, the undersigned concluded that the claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Moreover, State agency consultants H. Amado, MD and Helen C. Patterson, Ph.D., reviewed the record in its entirety and opined that the claimant does not meet or medically equal a listing (Ex. 3A and 17F).

Since March 7, 2018, the claimant has not had an impairment or combination of impairments that functionally equals the listings (20 C.F.R. 416.924(d) and 416.926(a).

The limitations in the six domains of functioning resulting from the impairment the claimant had at the time of the CPD are the same as those previously discussed in step two of the MIRS sequential. Beginning on March 7, 2018, the claimant's impairment has not resulted in either "marked" limitation in two domains of functioning or "extreme" limitation in one domain of functioning. Consequently, the claimant's impairment has not functionally equaled the listings as of March 7, 2018.

[Id. at 24-25].

The ALJ's decision, therefore, does not address S.S.'s diagnosis of "other specified trauma-and-stressor related disorder" from S.S.'s most recent psychological evaluation conducted at Carolina Pediatric Therapy on May 3, 2019. [See id. at 874, 884]. The Defendant argues that the ALJ did address S.S.'s "other specified trauma-and-stressor related disorder" because the ALJ noted that S.S. "reported anxiety and higher levels of

stress." [Doc. 15 at 7]. The Defendant also asserts that the ALJ did consider the most recent psychological assessment because, in his functional equivalence analysis, the ALJ cited to the assessment's finding that S.S. "earned a full scale IQ within the very low range of functioning." [Doc. 15 at 7]. However, the Defendant's argument ignores the ALJ's statement that he conducted a functional equivalence analysis of S.S.'s limitations only as they relate to S.S.'s autism spectrum disorder and that the ALJ concluded that S.S. had not developed an additional impairment following the CPD.

Moreover, the ALJ fails to explain how S.S.'s IQ score is related to his "other specified trauma-and-stressor related disorder," and the ALJ does not discuss evidence from the May 2019 psychological evaluation related to S.S.'s reported anxiety, stress, and depression. For example, the Plaintiff reported that S.S.'s anxiety interfered with his schoolwork, and S.S. would become physically ill at school. [T. at 875]. The psychological evaluation further reported that S.S. was "[s]truggling with anxiety significantly" and that he was "very easily stressed out." [Id. at 876]. The evaluator noted that S.S. was fearful at night, slept with the lights on, and took anxiety medication to help him sleep. [Id.]. The evaluator also noted that "when [S.S.] becomes frustrated that something has not gone his way, he makes statements about not liking his life." [Id.]. When the Behavioral Assessment System for

Children ("BASC-3") was administered, S.S. exhibited "significant Depression and Somatization scale sores" that are indicative of "high levels of internal distress such as depressed mood and low self-esteem, as well as physical complaints such as headaches, stomachaches, lethargy, and pain." [Id. at 881].

The evaluator concluded (1) that S.S.'s "expression of symptoms related to anxiety, and to a degree, depression [were] in excess of what is considered typical for a child his age, *with or without an Autism diagnosis*" and (2) that S.S. met "the criteria for an Other Specified Trauma-and-Stressor Related Disorder." [Id. at 883-84] (emphasis added). S.S.'s "other specified trauma-and-stressor related disorder" is, therefore, a condition that is separate from S.S.'s autism spectrum disorder. Because the ALJ did not discuss S.S.'s "other specified trauma-and-stressor related disorder" or address evidence in the May 2019 psychological evaluation that relates to S.S.'s anxiety, stress, and depression, the Court is left to speculate as to whether the ALJ considered S.S.'s limitations related to his "other specified trauma-and-stressor related disorder," and if they were considered, how they were considered.

Further, when the ALJ acknowledged that S.S. "reported anxiety and higher levels of stress," the ALJ also stated that "there is no evidence

showing the claimant has been treated by a mental health specialist for his symptoms." [Id. at 19]. Even if this statement was intended to be a recognition of S.S.'s "other specified trauma-and-stressor related disorder," the ALJ still failed to offer any additional analysis or explanation. Notably, the ALJ failed to explain <u>why</u> the absence of treatment by a mental health specialist necessarily leads to the conclusion that S.S.'s limitations related to his "other specified trauma-and-stressor related disorder" do not functionally equal the Listings.

A "reviewing court cannot be left to guess as to how the ALJ arrived at his conclusions." <u>Mills</u>, 2017 WL 957542, at *4. As such, this matter must be remanded because the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." <u>Monroe</u>, 826 F.3d at 189.

## VI.    CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. <u>See</u> <u>Radford</u>, 734 F.3d at 295. On remand, the ALJ's decision should include a narrative discussion of the evidence, explaining how she reconciled that evidence to her conclusions. In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed on remand.

14

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED,** and the Defendant's Motion for Summary Judgment [Doc. 14] is **DENIED.** Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: July 24, 2022

Martin Reidinger
Chief United States District Judge

15